# Henderson *versus* Walker.

1. Persons who have an action pending between them, may refer it to arbitrators under the 6th section of the Act of 1836, and include in the submission the subject of another action, whether the other action be already brought or not.

ERROR to the Court of Common Pleas of *Butler county.*

The facts are fully stated in the opinion of the court, delivered December 20, 1852, by

BLACK, C. J.—An action of trespass between these parties, was pending in the Common Pleas, and several prosecutions had been commenced in the Quarter Sessions. These, as well as some other difficulties, for which no suit was brought, had apparently all grown out of "the lease and purchase of Robert McKee's farm." They agreed to submit their differences to arbitrators. The submission embraced not only all matters for which the action of trespass was brought, and all for which redress had been sought by the indictments, but in general terms, all other matters of whatsoever nature, and specifically the sum which one should pay the other for the surrender of the lease referred to. It was agreed that judgment should be entered by the Common Pleas upon the award in the action of trespass, and this was done accordingly.

We think that this submission was meant by the parties to provide for the final settlement of all the disputes they had, and for that which concerned the value of the lease, as much as anything else. A full award was to be made, and judgment was to be entered on the whole of it, in the one pending action. The plaintiff in error argues that the inquiry about the lease cannot be blended with the subject-matters of the actions. This, of course, means not that they are naturally incapable of being fused together, but that the law does not permit it. But why should the law forbid men to do as they please in regard to a matter which concerns nobody but themselves? This was the business of the parties alone. No other person could possibly desire to have the dispute left open. On the contrary, it was the public interest, as well as their own, that it should be settled. They wisely and properly agreed that one

[Doud v. Truby.]

award should dispose of every subject of litigation.   There is nothing to prevent persons who have an action pending between them, and who have referred it to arbitrators, agreeably to the 6th section of the Act of 1836, from including in the submission the subject of another action, and that whether the other action be already brought, or only in contemplation.   When it is agreed by themselves that judgment shall be entered on the award, it must be taken to mean the whole award, unless a part is excepted.   And surely neither party can reasonably hope to be heard with patience, objecting to a judgment in exact accordance with his own stipulations; more especially when the objection is not to the award itself, but merely to the time when the successful party shall get the fruits of it.   It cannot be, that we are expected to lend a willing ear to complaints which, if sustained, would have no other effect than to prolong litigation, and keep up ill blood.

. This judgment is right.   If exceptions had been filed, they could not have been sustained.   But the want of exceptions in the court below would have been a conclusive reason for affirming the judgment, even if the objections now made had merit in them.

Judgment affirmed.