THE STATE v. THE LEHIGH AND HUDSON RIVER RAILROAD COMPANY.

Submitted July 7, 1905—Decided June 11, 1906.

A purchaser of land, upon which there has been erected, by a prior owner, a structure which is a public nuisance, who maintains and uses the structure, continues the nuisance, and is subject to indictment therefor, although he has not been notified by the public authorities to abate it.

On error to the Sussex Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices FORT, PITNEY and REED.

For the plaintiff in error, *Theodore Simonson.*

For the state, *Henry Huston,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The defendant company was indicted and convicted for maintaining a public nuisance.

The case made by the state was that, in 1871, the Sussex Railroad Company constructed its railroad across a public highway in the township of Hardyston, Sussex county, above the grade of the highway, carrying its tracks over the same upon a bridge, the abutments and retaining walls of which are built within the lines of the highway; that, in 1881, the Sussex Railroad Company conveyed in fee-simple this portion of its roadbed and property to the defendant company; and that thereafter it was absorbed in, and became a part of the right of way of the latter company, and has since been, and still is, maintained and operated by it in conjunction with the rest of its road.

The only ground of attack upon the conviction is that no proof was offered by the state that any notice had been given to the defendant company, before the indictment was found, by the public authorities having charge of the highway to remove these obstructions therefrom, the contention being that the company was not chargeable with maintaining a nuisance until it received such notice, and the decisions of this court in *Pierson* v. *Glean,* 2 *Gr.* 36; *Beavers* v. *Trimmer,* 1 *Dutcher* 97, and *Morris Canal and Banking Co.* v. *Ryerson,* 3 *Id.* 457, are appealed to in support of this contention. All of these cases were civil actions. That which was first decided—Pierson v. Glean—maintains the principle that a purchaser of land upon which there has been erected, by a prior owner, a structure which is a nuisance to an adjoining landowner, is not liable to damages for the continuance of such nuisance before a request to abate it. But the later cases of Beavers v. Trimmer and Morris Canal and Banking Co. v. Ryerson declare that this principle applies only when the purchaser simply suffers the structure to remain upon the land without using it, and hold that when the purchaser maintains and uses the structure he continues the nuisance, and that the party injured has a remedy against him without requesting an abatement thereof. In the later case of *Meyer* v. *Harris,* 32 *Vroom* 83, 100, this limitation of the principle of Pierson v. Glean was reiterated.

Whether the principle of Pierson *v.* Glean, as modified by the later decisions, is applicable in a criminal proceeding, may well be doubted; but as, on the facts proved, the plaintiff in error would have been liable even in a civil action without notice to abate, the case does not call for a consideration of that question.

The judgment under review will be affirmed.